**EMPIRE ORDNANCE CORPORATION,
and Intervenors, Frank M. McHale
and Morris Gutt**

v.

**The UNITED STATES.**

No. 49462.

United States Court of Claims.

Feb. 8, 1955.

See, also, 108 F.Supp. 622, 123 Ct. Cl. 718.

William F. Welch, Indianapolis, Ind., for intervenors Frank M. McHale and Morris Gutt.

Carl Eardley, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

The Empire Ordnance Corporation (hereinafter referred to as "Empire") was awarded $935,000 by the Appeal Board of the Office of Contract Settlement. This amount was offset against amounts due the defendant by Empire's subsidiaries.

A suit filed by Empire in this court to recover the amount awarded it by the Appeal Board was dismissed with prejudice on March 30, 1954, together with defendant's counterclaims, 127 Ct.Cl. 834, pursuant to a stipulation by the parties.

Plaintiffs McHale and Gutt say they had attorney's liens on the amount awarded Empire and they sue the defendant, McHale for $93,500, and Gutt for $10,000, the amount of fees agreed upon by them and Empire after the award had been made.

Plaintiffs McHale and Gutt had no contract for fees prior to the rendition of their services. After the Appeal Board had ruled in favor of Empire, the Board of Directors of Empire passed a resolution fixing McHale's fee at $93,500, and Gutt's fee at $10,000, which were apparently acceptable to McHale and Gutt. The resolution provided, *inter alia:*

"* * * That this corporation does hereby consent that each of said attorneys as aforespecified, namely, Hon. Frank M. McHale, Morris Gutt, Esq. * * * have a right to receive the amount above specified from any award rendered in connection with the decision of the Appeal Board of the Office of Contract Settlement under date of 4th June 1948, and that each of said attorneys be deemed to have a right to receive same in such manner and to prosecute any lien therefor as may be necessary and the officers of this cor-

poration be and they hereby are authorized, empowered and directed to make, execute and deliver to each of such attorneys and to the Department of the Army, or to any other agency of Government and to the Appeal Board of the Office of Contract Settlement any authorization, direction, assignment, agreement or other document which may be necessary to fully effectuate the purposes hereinbefore specified to the end that such attorneys shall receive payment of fees as aforespecified."

These liens or assignments are ineffectual because of the Anti-Assignment Act. Section 203 of Title 31 U.S.C.A. provides in part:

> "All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefor, and all powers of attorney, orders, or other authorities for receiving payment of any such claim, or of any part or share thereof * * * shall be absolutely null and void, unless they are freely made and executed in the presence of at least two attesting witnesses, after the allowance of such a claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof. Such transfers, assignments, and powers of attorney, must recite the warrant for payment * * *."

A warrant for the payment of the award to Empire had not been issued at the time of the passage of the foregoing resolution and was never issued.

In view of this statute, plaintiffs McHale and Gutt did not acquire liens on the award, as against the United States, and the United States had a right to offset the liabilities of Empire's affiliates against this amount, notwithstanding the asserted liens.

This matter was fully discussed in Pittman v. United States, 116 F.Supp. 576,

127 Ct.Cl. 173, certiorari denied 348 U.S. 815, 75 S.Ct. 23, and will not be repeated here.

On the authority of that case, plaintiffs' petitions will be dismissed.

JONES, Chief Judge, and LARAMORE, MADDEN, and LITTLETON, Judges, concur.

**READING COMPANY**

v.

**The UNITED STATES; Michael KING and Columbia Waste Material Company, Third-Party Defendants.**

**No. 49792.**

United States Court of Claims.

March 1, 1955.

