Contracts; assignment of claims; attorney’s lien. — Plaintiff is an attorney who accepted a reassignment from a bank to whom a Government contractor had assigned its rights under a contract with the Navy Department. Plaintiff sues to recover a sum which he asserts is admittedly due under the contract and to recover another sum as an equitable lien for attorney’s fees due plaintiff from the contractor on an oral contract under which the contractor is alleged to have agreed to pay plaintiff 50 percent of any recovery obtained from the Government under the contract. Defendant has moved to dismiss the petition on the ground that it fails to state a claim upon which relief can be granted because of the provisions contained in the Assignment of Claims Act, SI U.S.C. § 208. Upon consideration of the motion and plaintiff’s opposition thereto and without oral argument, the court concluded that plaintiff is not entitled to recover since his alleged claim is barred by the Anti-Assignment Act, 31 U.S.C. § 203, and the Assignment of Claims Act of 1940, as amended, and under the decisions of this court in Pittman v. United States, 127 Ct. Cl. 173, 116 F. Supp. 576 (1953); cert. denied, 348 U.S. 815 (1954); Empire Ordnance Corp. v. United States, 130 Ct. Cl. 719, 128 F. Supp. 744 (1955); Kearney v. United States, 152 Ct. Cl. 202, 285 F. 2d 797 (1961), cert. denied, 366 U.S. 935; and Beaconwear Clothing Co. v. United States, 174 Ct. Cl. 40, 355 F. 2d 583 (1966). On January 24, 1966, the court ordered that defendant’s motion be granted and the petition was dismissed.